**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Guadalupe Castro Pena, | No. CV-26-01846-PHX-KML (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Through counsel, petitioner Jose Guadalupe Castro Pena filed a petition for writ of habeas corpus. (Doc. 1.) On March 20, 2026, the court granted the petition and ordered respondents to "provide petitioner a bond redetermination hearing within seven days or release petitioner from custody." (Doc. 7 at 2.) The court entered judgment and closed the case the same day. (Doc. 8.) On May 14, 2026, petitioner filed a pro se "Motion to Enforce Judgment." (Doc. 14.) That motion states petitioner received a bond hearing but he "was effectively deprived of meaningful representation after counsel failed to appear at the hearing due to an unexpected emergency" involving counsel's vehicle. (Doc. 14 at 1-2.) The Immigration Judge proceeded with the hearing despite petitioner's counsel failure to appear. The Immigration Judge denied bond "based on a finding that Petitioner allegedly constituted a flight risk." (Doc. 14 at 2.) Petitioner requests the court "[e]nforce its prior habeas judgment" and either grant another bond hearing or order his release. (Doc. 14 at 4.)

Respondents filed an opposition arguing it is "an undisputed fact that Respondents

have complied in full with the Court's order" and "[t]here is nothing left for this Court to enforce." (Doc. 15 at 2.) Respondents also argue the court lacks jurisdiction to review petitioner's challenge "to the adequacy of the [the] bond proceedings." (Doc. 15 at 2.) Shortly after respondents' filing, petitioner's counsel filed a motion to withdraw claiming she "was not retained to represent Petitioner in any post-judgment or enforcement proceedings." (Doc. 16 at 1.) Neither petitioner nor his counsel filed a reply in support of the motion to enforce.

This habeas petition was filed, briefed, and resolved based on petitioner's assertion that he was entitled to a bond hearing. The final judgment required respondents provide petitioner a bond hearing, and respondents did so. There is no indication respondents took any action intended to frustrate the exact terms or spirit of the judgment. *See Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1176 (9th Cir. 2025) ("courts can find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded") (simplified). Instead, the issue petitioner complains of appears to have been solely attributable to his counsel. In these circumstances, respondents have complied with the final judgment and the motion to enforce is denied. Counsel's motion to withdraw is granted.

**IT IS ORDERED** the Motion to Enforce (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Withdraw (Doc. 16) is **GRANTED**. The docket should reflect petitioner's mailing address: Jose Guadalup Castro-Pena, A 221-325-560, Eloy Detention Center, 1705 East Hanna Road, Eloy AZ 85131.

Dated this 1st day of June, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -